IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD HAROLD STEVENS WRIGHT,
Plaintiff (Pro Se)

*25-1594 et al*

v.

*26-CV-443*

**FILED**

MAR 2 3 2026

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

LAWRENCE COUNTY GOVERNMENT CENTER, LAWRENCE COUNTY CHILDREN AND YOUTH SERVICES, BUTLER COUNTY CHILDREN AND YOUTH SERVICES, LAWRENCE J. KEITH, DAVID H. ACKER, ROBERT YEATTS, ROBERT CLARK, BRADLEY OLSON JR., WILLIAM CREIGHTON, LAWRENCE COUNTY DOMESTIC RELATIONS SECTION,KATHRYN L. KERFOOT, J. CRAIG COX,ERIC KLOPFER, JOSHUA LAMANCUSA, UNKNOWN DOMESTIC RELATIONS EMPLOYEES AND AGENTS ACTING UNDER OR ASSOCIATED WITH THE NAME KATHRYN L. KERFOOT, et al.,
Defendants

**CIVIL RIGHTS COMPLAINT**
**(42 U.S.C. §§ 1983, 1985, and 18 U.S.C. § 1962)**

## I. JURISDICTION

1.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
2.     This action arises under 42 U.S.C. § 1983, § 1985, and 18 U.S.C. § 1962.
3.     At all relevant times, Defendants acted under color of state law.
4.     This case arises from a continuous pattern of conduct from 2020 through 2026 involving deprivation of constitutional rights, deliberate indifference to known danger, retaliation, coercion, and misuse of governmental authority.

## II. PARTIES

5.     Plaintiff: Edward Harold Stevens Wright (Pro Se).
6.     Defendants include:
Lawrence County Government Center; Lawrence County Children and Youth Services; Butler County Children and Youth Services; Lawrence J. Keith; David H. Acker; Robert Yeatts; Robert Clark, Hearing Officer; Bradley Olson Jr.; William Creighton; Lawrence County Domestic Relations Section; Anastasia Williams; Kathryn L. Kerfoot; J. Craig Cox; Thomas Burke; Eric Klopfer; Joshua Lamancusa; Unknown Domestic Relations employees and agents acting under or associated with the name Kathryn L. Kerfoot; and Unknown co-conspirators.

## III. STATEMENT OF FACTS

## A. SEPTEMBER 6, 2020 – DIRECT THREAT THROUGH CHILD

A threat was relayed through Plaintiff's minor child stating that Bobbi Jo Isenberg's boyfriend, Alan Davis, said: "we can talk it out, fight it out, or shoot it out."

8. Plaintiff understood this as a direct and credible threat of violence.

## B. LATE OCTOBER / EARLY NOVEMBER 2020 – THREATENING PHONE CALL

9. In late October 2020 or early November 2020, shortly after the above threat, Plaintiff received a phone call from an unknown male individual from a private or blocked number.

10. During the call, the individual stated words to the effect that he was going to come to Pennsylvania and kill Plaintiff.

11. Plaintiff understood this as a direct and credible threat against his life.

12. Plaintiff further states that he could hear Bobbi Jo Isenberg in the background during the call.

13. Plaintiff heard Bobbi Jo Isenberg state to the individual that he was recording the conversation.

14. Plaintiff further states that the individual responded that he did not care and continued making the threat.

15. Plaintiff asserts that the presence of Bobbi Jo Isenberg during the call indicates knowledge of and involvement in the communication of the threat.

16. Plaintiff further asserts that the call was not random, but part of an ongoing pattern of threats directed at him.

17. Plaintiff experienced fear for his life and safety as a result of this call.

## C. OCTOBER 25, 2020 – FIREARM / DRUG ENVIRONMENT

18. Plaintiff went to retrieve his children from a location associated with illegal drug activity.

19. Plaintiff asserts that Bobbi Jo Isenberg knew of this activity.

20. Plaintiff possesses recorded evidence supporting that knowledge.

21. Plaintiff asserts that Bobbi Jo Isenberg gave Alan Davis her firearm and that the firearm was used to threaten Plaintiff.

22. Plaintiff fled in fear for his life.

## D. NOVEMBER 2020 – WOMEN'S SHELTER

23. The children were relocated to a women's shelter in Butler County.

24. Plaintiff lost access to his children.

25. Plaintiff was not informed of their location or safety.

26. This created jurisdictional confusion.

27. Plaintiff continued reporting safety concerns.

28. No coordinated response occurred.

## E. 2021 – EVIDENCE DESTRUCTION

29. Minor child M.I. recorded her mother, Bobbi Jo Isenberg, and an individual known as "Fredo" engaging in sexual conduct.

30. Once Bobbi Jo Isenberg became aware of the recording, the device was destroyed, eliminating potential evidence.

## F. 2022 – FIREARM INCIDENT

31. Plaintiff encountered an armed individual.

32. Plaintiff asserts that minor child A.I. identified the person as "Fredo."

33. Plaintiff further asserts that Fredo walked to another part of the house, turned out the lights, came to the window, and pointed a gun at Plaintiff.

34. Plaintiff fled because A.I. was crying and Plaintiff feared immediate harm.

## G. 2023 – LAW ENFORCEMENT FAILURE

35. Plaintiff reported threats and child safety concerns.

36. Defendant Thomas Burke directed Plaintiff to Butler County because he could not make contact there.

37. Plaintiff complied and reported directly to Defendant Eric Klopfer.

38. Klopfer had actual knowledge of threats and risk of harm.

39. No investigation, documentation, or protective action was taken.

40. Plaintiff asserts this constitutes deliberate indifference.

## H. SNAPCHAT CHILD SAFETY ISSUE

41. Plaintiff reported that his minor child was exposed to inappropriate adult conduct through Snapchat.

42. Reports were made to law enforcement, including Burke and Klopfer.

43. No meaningful investigation or protection occurred.

## I. DISTRICT ATTORNEY – JOSHUA LAMANCUSA

44. Plaintiff was instructed to appear at the office of District Attorney Joshua Lamancusa.

46. Plaintiff was told his minor child could face felony charges.

47. Plaintiff was told to consider whether he wanted his child to have a felony record.

48. Plaintiff raised ongoing safety concerns dating back to 2020.

49. Plaintiff questioned why no action had been taken against those responsible.

50. Plaintiff asserts no protective action was taken.

51. Plaintiff asserts the response prioritized prosecution over protection.

## J. CYS FAILURE

52. Plaintiff reported concerns to both Butler and Lawrence County CYS.

53. Both agencies failed to act.

54. Responsibility was shifted between counties.

55. Children remained exposed to unsafe conditions.

## K. CONTINUED THREATS

56. Plaintiff received threats including threats to shoot his residence.

57. Plaintiff asserts that Bobbi Jo Isenberg provided his information to an individual known as "Hydro."

58. That individual contacted Plaintiff via Facebook Messenger and by phone.

59. Plaintiff feared imminent harm.

## L. DECEMBER 10, 2025 – GAG ORDER

60. Defendant Robert Yeatts imposed a gag order restricting Plaintiff's speech.

61. The order was not related to custody or safety.

62. It was based on allegations involving William Creighton and his son.

63. It prevented Plaintiff from reporting threats and safety concerns.

64. Plaintiff asserts retaliation and violation of First Amendment rights.

65. Plaintiff further asserts that Defendant Yeatts stated there was nothing wrong with his children being around an individual who had threatened him.

## M. DECEMBER 24, 2025 – THREAT TO SHOOT RESIDENCE

On or about December 24, 2023, Plaintiff received a direct and credible threat that his residence would be shot.

67. Plaintiff asserts that Bobbi Jo Isenberg provided his personal information to "Hydro."

68. That individual contacted Plaintiff through Facebook Messenger and by phone.

69. Explicit threats were made indicating intent to shoot Plaintiff's residence.

70. Plaintiff feared for his life and safety.

71. Defendants had prior knowledge of threats and danger.

72. No protective action was taken.

73. Plaintiff asserts deliberate indifference.

## N. MARCH 2026 – JURISDICTION OBJECTION AND REMOVAL

74. Plaintiff appeared and stated he was appearing specially to contest jurisdiction and service.

75. Plaintiff stated he was not properly served.

76. Plaintiff requested that jurisdiction be addressed first.

77. Plaintiff requested proof of service.

78. The Court refused to address jurisdiction.

79. Plaintiff continued to assert objections.

80. Plaintiff was removed from the courtroom.

81. Plaintiff was denied a meaningful opportunity to be heard.

82. Proceedings continued despite unresolved jurisdiction.

83. Plaintiff asserts violation of due process.

## O. CHILD SUPPORT COERCION

84. Plaintiff earns approximately $850 per month.

85. Plaintiff was ordered to pay approximately $600 to $636 per month.

86. Plaintiff asserts inaccurate calculations.

87. Plaintiff was threatened with incarceration.

88. Plaintiff asserts coercion.

## P. DOMESTIC RELATIONS IDENTITY ISSUE

89. Records list Kathryn L. Kerfoot.

90. Multiple individuals appeared to act under that name.

91. Plaintiff could not identify decision-makers.

92. This interfered with Plaintiff's ability to challenge actions.

## Q. BRADLEY OLSON JR. – CONFLICT OF INTEREST

93. Olson represented Plaintiff.

94. Plaintiff provided information regarding threats and safety risks.

95. Plaintiff relied on Olson.

96. Olson and Olson's wife knew Bobbi Jo Isenberg's family.

97. This relationship was not disclosed.

98. Olson denied knowing the family.

99. Plaintiff asserts that Olson's wife acknowledged knowing the family.

100. Plaintiff asserts that this created a conflict of interest.

101. Plaintiff further asserts that Bradley Olson Jr. knew Bobbi Jo Isenberg was trying to get Plaintiff killed.

102. Plaintiff further asserts that Olson stated he could not tell anyone.

103. Plaintiff further asserts that Olson knew M.I. was selling drugs.

104. Olson failed to act and refused refund.

105. Plaintiff asserts resulting harm.

## R. ANASTASIA WILLIAMS

106. Anastasia Williams suggested unlawful conduct tied to custody.

107. Plaintiff understood this as coercive.

## S. PATTERN AND KNOWLEDGE

108. From 2020 through 2026, Plaintiff repeatedly reported threats and danger.

109. Defendants had actual knowledge.

110. Defendants failed to act.

## T. MUNICIPAL LIABILITY

111. Violations resulted from policies, customs, or practices allowing non-action and improper enforcement.

## U. MISCONDUCT AND ABUSE OF PROCESS

112. Legal processes were used to intimidate and retaliate.

113. Evidence was ignored or suppressed.

114. Safety was disregarded.

115. Plaintiff further asserts that since he exposed what Lawrence County Government Center was doing to him and

his daughters, officials and related actors have worked together to place him in jail so that the information would not come out and so that he could not receive help.

## IV. CLAIMS

**COUNT I – First Amendment Retaliation**
**COUNT II – Fourteenth Amendment Due Process Violations**
**COUNT III – State-Created Danger**
**COUNT IV – Civil Conspiracy**
**COUNT V – Failure to Intervene**
**COUNT VI – Abuse of Process**

## V. CIVIL RICO – RACKETEERING ACTIVITY

116. Plaintiff incorporates all preceding paragraphs.

117. Defendants formed an enterprise consisting of judges, attorneys, law enforcement, Domestic Relations personnel, and agencies.

118. Defendants engaged in a pattern of racketeering activity including:

- Obstruction of justice
- Coercion through threats of incarceration
- Fraud and misrepresentation
- Suppression of evidence
- Abuse of process
- Retaliation under color of law

119. Conduct occurred continuously from 2020 through 2026.

120. Plaintiff suffered loss of parental relationship, financial harm, emotional distress, and safety risks.

121. Plaintiff seeks treble damages.

## VI. DAMAGES

- **Emotional distress**
- **Financial harm**
- **Loss of parental relationship**
- **Safety risks**

## VII. RELIEF REQUESTED

1. Compensatory damages
2. Punitive damages
3. Injunctive relief
4. Declaratory judgment
5. Treble damages
6. Any additional relief deemed appropriate

## VIII. JURY DEMAND

**Trial by jury demanded.**

## IX. VERIFICATION

**I verify under penalty of law that the foregoing is true and correct.**

Date: _March 27, 2026_

Signature: _Edward Harold Stevens Wright_

**Edward Harold Stevens Wright**